## McDONALD v. NORTON.

1. **Chattel Mortgage:** PURCHASE OF CHATTELS NOT CRIMINAL. The purchase of mortgaged chattels is not criminal, and an instruction assuming that it might be is erroneous.

2. **Exemplary Damages:** CONCEALMENT OF MORTGAGED COLT BY PURCHASER. An action by the mortgagee of a colt against a purchaser from the mortgagor, to recover the colt, or its value, is a simple action in detinue, and is not a case for exemplary damages, even though it is alleged that the defendant's refusal to deliver the colt, and his disposing and concealing of it, were malicious.

*Appeal from Creston Superior Court.*

TUESDAY, OCTOBER 18.

THIS is an action for the possession of a colt, or for the value thereof. There was a trial by jury, and a verdict and judgment for the plaintiff. Defendant appeals.

*John A. Patterson* and *J. H. Copenheffer*, for appellant.

*D. A. Porter*, for appellee.

ROTHROCK, J.—The plaintiff claimed to be the owner of the colt by virtue of a chattel mortgage executed by one Chavis. It is charged in the petition, in substance, that the

defendant bought the colt of Chavis without plaintiff's knowledge, and that the defendant's purchase of the property, and his refusal to deliver the same to the plaintiff, and "disposing and concealing the same," was wrongful and malicious; thereby preventing plaintiff from obtaining possession of said property, and foreclosing his mortgage on the same. The value of the colt is alleged to be $50, and judgment is demanded for $100 vindictive damages.

The evidence tended to show that the plaintiff attempted to foreclose his mortgage, and when the officer called on the defendant for the colt the defendant refused to tell him where the colt was, and defendant's son and son-in-law in some way became apprised of the officer's demand for the colt, and that they removed the same from a field, so that the officer did not get possession of it. Chavis, the mortgagor, being present, pointed out another colt as the one which was mortgaged, and which the officer took. The one taken proved to be a colt actually owned by the defendant. There was no direct evidence that the defendant was a party to this deception upon the officer.

The court instructed the jury upon the question of damages as follows : "You are instructed that if you find that the action of defendant, in purchasing, selling and concealing said mortgaged property, was wrongful, criminal, mischievous, malice may be inferred from the circumstances attending the act; and, if you find such acts or circumstances were designed to injure plaintiff, then you are bound to infer malice, as every one is presumed to intend the necessary consequences which follow from his acts." This instruction is erroneous. We know of no statute making the purchaser of mortgaged chattels criminal. By section 3895 of the Code it is a criminal act for the mortgagor to dispose of the property mortgaged: and how the purchase of the property was a malicious act is more than we can understand.

The jury found a verdict for $50, the admitted value of

the colt, and for $8 expenses incurred by plaintiff in his attempts to obtain possession of the colt, and for $82 exemplary damages. It is quite plain that this is not a case where exemplary damages can be recovered. It is a plain case of what at common law would be called an action of detinue. The plaintiff was entitled to a judgment for the value of the property, and for actual damages for its wrongful detention. He was not entitled to exemplary damages.

As the defendant makes no objection to the judgment except that part for examplary damages, the judgment will be modified by deducting therefrom the sum of $82.

MODIFIED AND AFFIRMED.